### STOHLMANN et al. v. PARKER et al.

(Circuit Court of Appeals, Second Circuit. February 7, 1893.)

PATENTS FOR INVENTIONS—INVENTION—SURGICAL TUBES.
   Letters patent No. 181,879, issued June 12, 1877, to Edward Pfarre, for an India-rubber surgical tube having a rounded point, and an opening or eye with rounded, polished edges, show patentable invention in the forma-

tion of the eye, and the claim is not so broad, when read in the light of the specifications, as to be void for anticipation.

Appeal from the Circuit Court of the United States for the Eastern District of New York.

In Equity. Bill by Frederick A. Stohlmann and others, trading as George Tieman & Co., against Russell Parker and others, trading as Parker, Stearns & Sutton, for infringement of a patent. The circuit court dismissed the bill, and complainants appealed. Reversed.

Arthur v. Briesen, for complainants.

Edwin H. Brown, for defendants.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. This is an appeal from the decree of the circuit court for the eastern district of New York, which dismissed the complainants' bill in equity, founded upon the alleged infringement of letters patent No. 181,879, dated June 12, 1877, to Edward Pfarre, for an improvement in India-rubber surgical tubes. Before the date of the invention which is the subject of the letters patent, three kinds of catheters and similar surgical tubes were in use. The first was made of soft metal. Its eye was countersunk in order to make the instrument perfectly smooth, and to prevent laceration of the parts to which it might be applied. The depressed eye was formed by cutting out and bending the metal, and rounding the edges of the eye after the tube was formed. The second kind was made of cotton or linen gummed webbing, and also had depressed eyes, rounded during the process of covering the webbing with gum. The third class was made of soft India rubber, and was of two kinds, which were known by the names of the respective makers, Nelaton and Jacques. The Jacques tube differed from the Nelaton simply in the smoothness of its polish, which was caused by the fact that the tube was vulcanized while under pressure within a tubular glass mold. After the tubes were formed, the eyes of each kind were punched or cut, and consequently were left with sharp edges, which caused urethral irritation. The sharpness of these edges was sometimes mitigated by burning them with a hot glass rod, or by rubbing and rounding them with sandpaper, but the burning impaired the strength of the tube, and neither operation removed the injurious tendency. The proper cure of the fault was greatly desired by physicians, inasmuch as rubber tubes, if made safe, could be used conveniently by patients themselves. The patentee's invention, which is clearly described in the specification, consisted in making a depression in the tubular glass mold, which Jacques had employed, at the place required for the eye, so that a depressed eye with rounded and smooth edges is formed during the process of vulcanization. After the tube has been removed from the glass mold, "the eye is finished by passing a soft metal rod into the tube, and cutting against the same in removing the film of India rubber remaining at the inner surface of the eye." The claim of the patent is for "the India-rubber surgical tube having a rounded point, and an opening or eye having

rounded polished edges, as a new article of manufacture." The patented or "velvet-eyed" catheter, as it is called, has been received with great favor.

This statement of the history and nature of the invention shows that it did not consist in a mere change of material. It was not an India-rubber surgical instrument, as distinguished from an instrument made of metal or of webbing, but it was an improvement upon an existing India-rubber tube, which was valuable, and which the record shows had evaded inventive study and skill. Whatever weakness there is in the patent consists in the general language of the claim. It is urged that the edges of the eye of the Nelaton and Jacques tubes, when these edges had been burned or abraded and smoothed, became rounded and polished, and that consequently the broad language of the claim was anticipated. It is true that the claim does not specify the fact that the eye is rounded by having been formed in a depression of the tube, and therefore does not minutely point out wherein the novelty of the patented article consists. The complainants suggest that the objection could be removed by a disclaimer. In our opinion the claim, read by the sufficient light which the specification already furnishes, does not need a disclaimer, for it would naturally be considered to relate only to an India-rubber tube, the eye of which was formed in a mechanically made indentation or depression in the wall of the tube. The adequate proof of infringement which was given in the complainants' prima facie case was not thereafter overcome. The decree of the circuit court is reversed, and the case is remanded to that court, to the end that a decree may be entered for an accounting and for an injunction, with costs in this and the circuit court.